```
CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GEORGE O. HAGEMAN (CABN 332457)
JARED S. BUSZIN (NYBN 5285838)
Assistant United States Attorneys

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5044
    George.Hageman@usdoj.gov
    Jared.Buszin@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-226-BLF-8, -9, -10, -11 |
| Plaintiff, | UNITED STATES' MOTION TO MODIFY DEADLINE FOR DISCLOSURE OF DEFENDANTS' STATEMENTS |
| v. | |
| RAUL CORONEL SUAREZ aka "Ray," GUSTAVO GARCIA aka "Tatis", LORENZO GARCIA Jr. aka "Chito," JOSE SALDANA aka "Chepe," | |
| Defendants. | |

**INTRODUCTION**

On September 5, 2025, the Court issued an order setting certain discovery deadlines as to defendants Raul Coronel Suarez, Lorenzo Garcia, and Jose Saldana (collectively, along with defendant Gustavo Garcia, the "Moving Defendants").[1] Dkt. 304. As relevant here, the order provides that the government must disclose the Moving Defendants' oral, written, or recorded statements that fall within

---

[1] Although defendant Gustavo Garcia did not join the motion seeking entry of such an order, the government subsequently stipulated that he would be treated as a Moving Defendant for purposes of the order. Dkt. 311.

UNITED STATES' MOT. TO MODIFY ORDER         1
24-CR-226-BLF-8, -9, -10, -11

the scope of Federal Rule of Criminal Procedure 16(a)(1)(A) and (B) by September 19, 2025, to the extent such disclosure would not risk identifying cooperating witnesses. *Id.* at 5-6. Because it is impossible for the government to meet this deadline with respect to voluminous material obtained in connection with the government's ongoing investigation of Salinas Acosta Plaza ("SAP") and certain non-defendants, the government requests that the Court modify its order to provide that such material be disclosed within 90 days to the extent it includes the Moving Defendants' statements within the meaning of Rule 16(a)(1)(A) and (B).

## DISCUSSION

As the government has previously acknowledged, its investigation of the defendants and SAP remains ongoing, and the government anticipates seeking a superseding indictment in this case. As part of the ongoing investigation, the government has obtained a large number of search warrants pertaining to non-defendant members of SAP, which have resulted in voluminous returns. To date, the government has not produced material obtained pursuant to all of these non-defendant search warrants. It has not done so both to preserve the integrity of the ongoing investigation, and to respect the privacy interests of the non-defendant members of SAP targeted by the search warrants. As for the latter consideration, the government notes that search warrant returns have included a significant amount of material unrelated to SAP's membership and activity, as well as intimate materials depicting the non-defendants and their partners.

Although the non-defendant search warrants referenced herein do not specifically target the Moving Defendants, the government believes the search warrant returns likely contain statements made by one or more Moving Defendants given their association and communication with other non-defendant SAP members, including those targeted by these further search warrants. The government believes that the majority of the Moving Defendants' statements will be disclosed by the September 19 deadline insofar as search warrant returns for the Moving Defendants' *own* devices and/or accounts have been disclosed or will otherwise be disclosed prior to the September 19 deadline. However, the government cannot be sure that the search warrant returns for the Moving Defendants' own devices and/or accounts overlap exactly with these further search warrant returns targeting non-defendants, to the extent the further search warrant returns implicate the Moving Defendants' statements. For example,

electronic messages between a Moving Defendant and a non-defendant would typically appear in the device/account of both the sender and recipient, but if a Moving Defendant deleted such a conversation from his own devices/accounts that were disclosed, it is possible that the further search warrant returns of the non-defendant SAP target may contain unproduced statements of a Moving Defendant. The government further notes that, although it has not yet disclosed non-defendant SAP search warrant returns in full, highlights of gang-related communications from some of these non-defendant search warrant returns have already been disclosed to the Moving Defendants.

In light of the foregoing and the government's good faith effort to comply with the Court's scheduling order, the government intends to begin producing search warrant returns from its ongoing investigation to counsel for the Moving Defendants. It will do so pursuant to an attorneys-eyes-only protective order to mitigate the risk that disclosure will compromise the integrity of the ongoing investigation and for the privacy concerns noted above. Nevertheless, given the voluminous nature of the implicated search warrant returns—composed of at least an estimated 300GB of data—it is impossible for the government to produce these search warrant returns by the September 19, 2025 deadline for disclosure of the Moving Defendants' statements.

Accordingly, the government requests that the Court modify its September 5 order to provide that the government disclose these further search warrant returns, to the extent they contain Moving Defendant statements subject to disclosure, within 90 days, and that any search warrant returns obtained going forward be promptly produced to the Moving Defendants upon discovery of content implicating the government's disclosure obligations.

The government has conferred with the Moving Defendants and they do not object to the government's request.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court modify its scheduling order to afford the government sufficient time to disclose the Moving Defendants' statements that are implicated by the government's continuing investigation of SAP.

//

//

//

DATED: September 18, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/S/_____
GEORGE O. HAGEMAN
JARED S. BUSZIN
Assistant United States Attorneys

# ORDER

For good cause shown, the Court modifies its September 5, 2025 scheduling order to provide as follows:

    9. With respect to any oral, written, or recorded statements of any moving defendant within the meaning of FRCP 16(a)(1)(A) and (B), the government must disclose any such statements identified and obtained pursuant to search warrants targeting non-defendants within 90 days from the filing date of this Order. Any such statements identified pursuant to search warrants obtained by the government from this date forward shall be promptly disclosed to the moving defendants.

IT IS SO ORDERED.

DATED: September 19, 2025

HON. _____
United _____



GRANTED
Judge Nathanael M. Cousins